' ’Huitim, Judge
 

 The writ directed to the plaintiff gave him no authority to seize. Neither could it properly issue to him, to command him to sell that which had been seized by his predecessor, because that could not be done without a seizure previously made by himself. A
 
 venditioni exponas
 
 is predicated upon the effects being in the hands of the officer, to whom it is directed. (
 
 Washington
 
 v.
 
 Sanders ante
 
 2
 
 vol.
 
 348).. This results from the maxim, that an execution is an entire thing, and must be completed by the hand which begins it. A
 
 jieri Jadas
 
 vests a property in the sheriff who seizes, which satisfies the debt, and makes the sheriff himself liable. Hence he may sell after the return of the writ, and after he is out of office.
 
 (Clark
 
 v.
 
 Withers Ld. Raym.
 
 1072
 
 S. C. Salk.
 
 322). And the process to the new sheriff is a
 
 distringas.
 
 It follows, that upon the CJ death of the old sheriff, the property is in his
 
 executors;
 
 that they become responsible for the
 
 debt;
 
 and that they may sell the chattels. It is different indeed with a
 
 ca. sa.
 
 but from necessity ; and no farther than necessity carries the difference. Upon the coming in of the new sheriff, the old one must deliver the prisoners, and give notice of the executions wherewith they were charged, or he remains liable. But upon his death, the new one must, at his peril, take notice, and the custody of them, because he is the keeper of the goal, and there is nobody
 
 *40
 
 except him entitled to keep them,there.
 
 (Westby's case,
 
 3
 
 Rep.
 
 71, 72). But the law has provided no rule for the delivery over of property in the hands of the old sheriff. We must conclude then, from the reason of the thing, that it devolves on the representatives of the deceased sheriff, who are responsible for it. And to that effect, it is pointedly laid down by
 
 Lord Mansfield,
 
 in
 
 Cooper
 
 v.
 
 Chitty et al.
 
 (1
 
 Win. Bl.
 
 Rep. 65).
 

 We think, therefore, that the plaintiff is not entitled to commissions
 
 ;
 
 because he did nothing, and could do nothing officially j upon which kind of acts alone his commissions arise.
 

 There is no count on a
 
 quantum meruit,
 
 which would have let in evidence of a request from the defendant, and entitled the plaintiff to the worth of his actual labour. But the declaration is for commissions, as fees of office; and to them there is no right.
 

 Per Curiam. — Judgment aeeirmed.*.